**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 26, 2007[*]
Decided October 3, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** JOEL M. FLAUM, Circuit Judge

| | |
|---|---|
| No. 07-1735 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| WILLIAM R. TRUDELL,<br>　　*Plaintiff-Appellant*, | |
| *v.* | |
| DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, *et al.*,<br>　　*Defendants-Appellees*. | No. 07 C 1381<br>Elaine E. Bucklo, *Judge*. |

### Order

A student-loan company sued William R. Trudell in the Circuit Court of Cook County. After the lender prevailed, Trudell's appeal was dismissed for want of prosecution. Instead of paying what the state judgment determines that he owes, Trudell launched this federal collateral attack on the judgment. He contends that the Clerk of the Circuit Court failed to prepare an appropriate record for appeal, that the supervising judge of the Circuit Court's First Municipal District allowed too many judges to handle his case, and that the plaintiff in state court withheld evidence that the loan had been repaid. The federal district court dismissed the suit for lack of subject-matter jurisdiction.

---

[*]Appellees have declined to file briefs in this case. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Trudell's principal argument on appeal is that federal courts must hold a trial (or at least an evidentiary hearing) in every suit and may not summarily dismiss a case on the papers. The law is otherwise. See Fed. R. Civ. P. 12(b)(1). If federal jurisdiction depends on disputed issues of material fact, then a hearing is essential; but when the complaint and related papers show the absence of jurisdiction, then the suit may be brought quickly to its inevitable conclusion. See *Frey v. EPA*, 270 F.3d 1129, 1131–32 (7th Cir. 2001).

Diversity of citizenship is the only asserted jurisdictional basis of the claims against the student-loan company and associated parties. The amount of the state-court judgment is about $25,000, so it is hard to see how the claim could meet the $75,000 minimum amount in controversy for jurisdiction under 28 U.S.C. §1332. Trudell tells us that he wants to collect $25,283.04 from *each* of the six private defendants, for a total of $151,698.24. This contention reflects a misunderstanding of the jurisdictional requirement: aggregation of multiple claims to reach the $75,000 threshold is not allowed. See *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). The amount in controversy must exceed $75,000 with respect to at least one defendant, and only then may additional defendants be added under the supplemental jurisdiction. See *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

Trudell's claims against the state actors in Illinois also are jurisdictionally deficient. Losing litigants cannot obtain collateral review of the state courts' decisions. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Trudell says that he does not want us to set aside the state court's decision, but then it is hard to understand what the suit is about. He does not claim to be a recurrent litigant, so prospective relief would not be available, see *Los Angeles v. Lyons*, 461 U.S. 95 (1983), and judicial immunity bars awards of damages.

What's more, the substantive arguments would not come within federal jurisdiction even were there no other obstacles. Trudell appears to rely on state rather than federal law—he contends, for example, that the way the Circuit Court assigns judges to litigation "usurped the Illinois Legislature by creating [an] internal system [of] appellate review" and that the Clerk "failed to administer and act, as required … under Illinois Supreme Court Rule 324". But federal courts do not apply state law in suits against state officials. See *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 106 (1984). No rule of federal law entitles litigants in state court to accurate application of the state's preferred procedures. A claim that a state official (including a judge) violated state law must be presented to and resolved by a state tribunal.

AFFIRMED